IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-0410 |
| | ) | |
| v. | ) | |
| | ) | JUDGE DONETTA W. AMBROSE |
| THE WASHINGTON HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT and AFFIRMATIVE DEFENSES

Defendant, The Washington Hospital, by counsel, answers Plaintiff's Complaint as follows:

*First Defense*

1. Defendant admits only so much of Paragraph 1 that, Plaintiff has filed an action alleging violations under the Age Discrimination in Employment Act of 1967, as amended, (ADEA) and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §§ 951 *et. seq.* (PHRA).

2. Defendant admits only so much of Paragraph 2 that jurisdiction is proper in the United States District Court for the Western District of Pennsylvania as Plaintiff's claims under ADEA involve a federal question.

3. Defendant admits only so much of Paragraph 3 that jurisdiction is proper in the United States District Court for the Western District of Pennsylvania as these types of claims involve a federal question and venue is proper as Defendant is located in Washington, Pennsylvania and Plaintiff previously worked for Defendant at Defendant's location.

4. Defendant admits only so much of Paragraph 5 as avers that Plaintiff was employed by Defendant.

5. Defendant admits the averments of Paragraph 6.

6. Defendant admits the averments of Paragraph 7.

7. Defendant admits the averments of Paragraph 8.

8. Defendant admits only so much of Paragraph 9 as avers that Plaintiff was most recently employed as a Manager of Laboratory Outreach Services with Defendant.

9. Defendant admits only so much of Paragraph 11 that as of May 29, 2009, Plaintiff's position as Manager of Laboratory Outreach Services was eliminated as part of a hospital-wide reduction in force which included ten (10) managerial positions, and the decision was communicated to Plaintiff. It is also admitted that Defendant had no open positions for which Plaintiff could be considered.

10. Defendant admits the averments of Paragraph 26.

11. Defendant denies each and every remaining allegation in the Complaint.

*Second Defense*

Plaintiff's complaint fails to state a claim upon which relief can be granted.

*Third Defense*

Defendant avers, solely for purposes of preserving the defense pending further investigation, that some of the events about which Plaintiff complains occurred outside the applicable limitations periods and, therefore, to the extent Plaintiff bases his claims on these events, his claims are time-barred.

*Fourth Defense*

Plaintiff did not make any complaints or otherwise engage in activity protected by the Age Discrimination in Employment Act of 1967, as amended, (ADEA) or the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §§ 951 *et. seq.* (PHRA).

*Fifth Defense*

Plaintiff was terminated for a legitimate non-discriminatory reason.

*Sixth Defense*

Defendant had legitimate business reasons for terminating Plaintiff's employment, all of which are completely unrelated to any protected class to which he alleges he belongs.

*Seventh Defense*

Defendant had legitimate business reasons to justify all tangible employment actions taken with respect to Plaintiff's employment, all of which are completely unrelated to any protected class to which he alleges he may belong, and were based on reasonable factors other than his membership in any alleged protected class.

*Eighth Defense*

Defendant at no time has engaged in any improper employment practices.

*Ninth Defense*

Plaintiff was terminated by the Defendant as part of a hospital wide reduction in workforce following receipt of recommendations from its consultants on employment and staffing issues.

*Tenth Defense*

The decision to terminate Plaintiff's position, like the decision to terminate all of the affected positions, was made after the Defendant considered several, non-discriminatory factors, including recommendations by the Defendant's auditor, Ernst & Young.

*Eleventh Defense*

The decision to terminate Plaintiff's position as part of the reduction in force was not based upon his gender or age.

*Twelfth Defense*

Defendant followed an established policy concerning lay-offs with regard to Plaintiff.

*Thirteenth Defense*

In the case of a reduction in force, to the best of Defendant's knowledge, Defendant has never permitted managers or supervisors whose positions were eliminated to displace other managers or supervisors.

*Fourteenth Defense*

Plaintiff did not have the current skill and/or experience to perform the work required for either position which he claims he was improperly denied.

*Fifteenth Defense*

Defendant avers, solely for purposes of preserving the defense pending further investigation, that Plaintiff has failed to mitigate his damages by using reasonable diligence to locate and obtain alternative employment.

*Sixteenth Defense*

Plaintiff is not entitled to punitive damages under the PHRA.

DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with all costs of these proceedings, including attorneys' fees, and for such other and further relief as may be warranted.

                                      Respectfully submitted,

                                      /s/ Phillip J. Binotto, Jr.
                                      Phillip J. Binotto, Jr.
                                      Pa. Id. No. 21817
                                      Marcia L. DePaula
                                      Pa. Id. No. 74595

                                      Eckert Seamans Cherin & Mellott LLC
                                      1001 Corporate Drive, Suite 200
                                      Canonsburg, PA 15317
                                      (724) 873-2870

                                      Attorneys for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2010, a copy of the foregoing *Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joseph H. Chivers, Esquire
Suite 1010
100 First Avenue
Pittsburgh, PA  15222-1514

*/s/ Phillip J. Binotto, Jr.*
Phillip J. Binotto, Jr.