**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-0410 |
| | ) | |
| v. | ) | |
| | ) | JUDGE DONETTA W. AMBROSE |
| THE WASHINGTON HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### Fed. R. Civ. P. 26(f) REPORT

1. Identification of counsel and unrepresented parties. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

| | |
|---|---|
| Joseph H. Chivers, Esquire | Phillip J. Binotto, Jr., Esquire |
| Suite 1010 | Marcia L. DePaula, Esquire |
| 100 First Avenue | Eckert Seamans Cherin & Mellott, LLC |
| Pittsburgh, PA  15222-1514 | 1001 Corporate Drive |
| 412.227.0763 | Suite 200 |
| 412.281.8481(facsimile) | Canonsburg, PA 15317 |
| | (724) 873-2870 (o) |
| jchivers@employmentrightsgroup.com | (724) 743-2901 (f) |
| | |
| Attorney for Plaintiff | pbinotto@eckertseamans.com |
| | mdepaula@eckertseamans.com |
| | |
| | Attorney for Defendant |

2. Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):

   **Plaintiff alleges, *inter alia*, age discrimination under ADEA and PHRA in his termination from employment.  Defendant denies such allegations and states that Plaintiff was terminated by the Defendant as part of a hospital wide reduction in workforce following receipt of recommendations from its consultants on employment and staffing issues.**

3.   Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

**Defendant's counsel emailed the draft 26(F) Report to Plaintiff's counsel on May 10, 2010. Counsel agreed to the contents of the 26(F) Report on May 21, 2010.**

4.   Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:  (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

**June 7, 2010**

5.   Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:

**At this time, the parties do not anticipate filing any dispositive motion pursuant to Fed. R. C. P. 12.**

6.   Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:

**The parties have agreed upon mediation as the Alternative Dispute Resolution process.**

7.   Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

**The parties agree that Fed. R. C. P. Rule 26 (a) disclosure shall be provided on or before June 22, 2010.**

8. Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    **Liability and Damages**

9. Set forth suggested dates for the following :

    a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:

    **June 22, 2010**

    b. Date by which any additional parties shall be joined:

    **The parties do not anticipate the joinder of any additional parties.**

    c. Date by which the pleadings shall be amended:

    **Any amendments to the pleadings shall be made on or before July 15, 2010.**

    d. Date by which fact discovery should be completed:

    **September 30, 2010.**

    e. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:

    **Defendant does not believe that phased discovery or special limitations are necessary.**

    f. Date by which plaintiffs' expert reports should be filed:

    **August 20, 2010**

    g. Date by which depositions of plaintiffs' expert(s) should be completed:

    **August 20, 2010**

    h. Date by which defendant's expert reports should be filed:

W0022001                                                    3

        **August 20, 2010**

i.     Date by which depositions of defendant's expert(s) should be completed:

        **August 20, 2010**

j.     Date by which third party expert's reports should be filed:

        **Not applicable**

k.     Date by which depositions of third party's expert(s) should be completed:

        **Not applicable**

10.     If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

        **Changes to the discovery rules set forth in the Federal Rules of Civil Procedure or Local Rules are not necessary.**

11.     Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

    a.     <u>ESI</u>. Is either party seeking the discovery of ESI in this case? __X__Yes  ____No

    b.     <u>Metadata</u>: Will any metadata be relevant in this case? __X__Yes  ____No

        If yes, with respect to what ESI _____

        If disputed, identify the nature of the dispute _____

        **At this time, there is no dispute. If a dispute develops, the parties will make their best efforts to resolve the dispute without court involvement.**

    c.     <u>Format</u>. Have the parties agreed on the format(s) for production of ESI? ____Yes  __X__No

      d.      <u>Clawback Agreement</u>. Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D?  _X_ Yes  ___ No

             If no, will an alternative provision be proposed? ___Yes (please attach) ___No

      e.      <u>Search terms</u>. Have the parties agreed on any protocol for review of electronic data? ___Yes  _X_ No

             If yes, please describe _____

             If no, please identify what issues remain outstanding

      f.      <u>Accessibility</u>. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? ___Yes  _X_ No

      g.      <u>Preservation</u>. Are there any unresolved issues pertaining to the preservation of ESI? ___Yes <u>No.</u> If so, please describe

      h.      <u>Other</u>. Identify all outstanding issues or disputes concerning ESI

             **At this time, there is no dispute. If a dispute develops, the parties will make their best efforts to resolve the dispute without court involvement.**

12.     Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:

      a.      Settlement and/or transfer to an ADR procedure;
      b.      Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragaphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference
      c.      Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;
      d.      Dates by which parties' pre-trial statements should be filed;
      e.      Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;
      f.      Dates on which motions *in limine* and *Daubert* motions shall be heard;
      g.      Dates proposed for final pre-trial conference;
      h.      Presumptive and final trial dates.

           **The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    **None.**

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    **The parties do not anticipate the need for the appointment of a special master.**

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

    **Not applicable.**

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

    **Plaintiff will make a settlement demand before the case management conference.**

Respectfully submitted:

Eckert, Seamans, Cherin & Mellott, LLC

| | |
|---|---|
| /s/ Phillip J. Binotto, Jr. | /s/ Joseph H. Chivers |
| Phillip J. Binotto, Jr. | Joseph H. Chivers |
| PA I.D. No. 21817 | |
| Marcia L. DePaula | |
| PA I.D. No. 74595 | |
| | |
| Eckert Seamans Cherin & Mellott LLC | Joseph H. Chivers |
| 1001 Corporate Drive, Suite 200 | Suite 1010 |
| Canonsburg, PA 15317 | 100 First Avenue |
| 724.873.2870 | Pittsburgh, PA  15222-1514 |
| 724.743.2901 (facsimile) | 412.227.0763 |
| | 412.281.8481(facsimile) |
| pbinotto@eckertseamans.com | |
| mdepaula@eckertseamans.com | jchivers@employmentrightsgroup.com |
| | |
| Attorneys for Defendant | Attorney for Plaintiff |